UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF MASSACHUSETTS

**CLAUDINEI CUSTODIO DE SOUSA**

    Petitioner,

    vs.

**ANTONE MUNIZ**, Superintendent of the Plymouth County Correctional Facility, in his official capacity,

**PATRICIA HYDE**, New England Field Office Director, U.S. Immigration and Customs Enforcement, in her official capacity,

**TODD LYONS**, Acting Director of the U. S. Immigration and Customs Enforcement, in his official capacity.

**KRISTI NOEM,** Secretary of the Department of Homeland Security, in her official in her official capacity.

    Respondents,

Case No.: 1:25-cv-12636-AK

**AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

    1. Petitioner respectfully amends his Petition for Habeas Corpus filed on September 17, 2025 (Docket 1), per FRCP 15(1)(A), as follows:

    2. Petitioner, Mr. Claudinei De Sousa, is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

    3. Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") and/or other federal agents acting on ICE's behalf.

4. Petitioner is and has been present in the United States since approximately 2001; and, on information and belief, the Department of Homeland Security ("DHS") has alleged or will allege that Petitioner was not previously admitted or paroled into the United States.

5. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(1), including because the Petitioner does not meet the criteria for Expedited Removal. *See Make the Road New York v. Noem*, No. 25-190, 2025 WL 2494908, at *23 (D.D.C. Aug. 29, 2025).

6. Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United States, Petitioner is not currently "seeking admission" to the United States. *See Aguiriano Romero v. Hyde*, F.3d __, No. 25-11631, 2025 WL 2403827, at *1, 8–13 (D. Mass. Aug. 19, 2025) (Murphy, J.).

7. On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Petitioner could not "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioner is not subject to mandatory detention under § 1225 for this reason as well.

8. Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Aguiriano*, 2025 WL 2403827, at *1, 8–13 (collecting cases).

9. Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513–14, 531 (2003).

10. Accordingly, Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

11. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon their request, receive a custody redetermination hearing (a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons,* 10 F.4th 19, 41 (1st Cir. 2021). *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

12. Petitioner requested such a bond hearing on August 4, 2025. His bond hearing was conducted by the Executive Office of Immigration Review's Immigration Court held in Chelmsford, Massachusetts on September 02, 2025. At that hearing, the Immigration Judge set an immigration bond in the amount of $10,000.

13. On September 3, 2025, the Petitioner's proposed obligor attempted to tender the bond to the appropriate authorities at the Burlington, Massachusetts office of the U.S. Immigration and Customs Enforcement "Enforcement and Removal Operations" (ERO). ERO refused to accept the obligor's tender of surety because DHS filed an appeal of the bond decision.

14. DHS filed an appeal of the bond redetermination order on September 16, 2025.

15. Upon information and belief, the basis for ICE's appeal is based on its unlawful theory that the Immigration Court lacked jurisdiction to redetermine custody.

16. On September 5, 2025, in *Matter of Yajure Hurtado*[1], 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision which purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as the petitioner.

17. The administrative agency responsible has therefore predetermined that the Respondent's appeal of bond determination will be sustained and will permit the unlawful detention of the Petitioner.

18. Petitioner is being irreparably harmed by their ongoing unlawful detention. *See Aguiriano*, 2025 WL 2403827, at *6–8 (no exhaustion required because "the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted); *Flores-Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass 2010) (declining to require administrative exhaustion); *cf. Brito v. Garland,* 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh,* 801 F.2d 462, 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing deprivation of some other liberty interest'").

19. The Immigration Court and Board of Immigration Appeals lack jurisdiction to adjudicate the constitutional claims raised by Petitioners, and any attempt to raise such claims would be futile. *See Flores-Powell,*

---

[1] The Board of Immigration Appeals' reversal and newly revised interpretation of the statute in *Matter of Yajure Hurtado* are not entitled to any agency deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-413 (2024).

677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

20. There is no statutory requirement for Petitioners to exhaust administrative remedies. *See Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025).

21. Accordingly, there is no requirement for Petitioners to further exhaust administrative remedies before pursuing this Petition. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74 (1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

22. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

23. Venue is proper because the Petitioner resides in Massachusetts, is detained in Massachusetts, and is detained within the District of Massachusetts.

24. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is Petitioners' immediate custodian.

25. Respondent Patricia Hyde is the New England Field Office Director of ICE.

26. Respondent Todd Lyons is the Acting Director of ICE.

27. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

28. All respondents are named in their official capacities. One or more of the respondents are Petitioners' immediate custodian.

**CLAIMS FOR RELIEF**

**COUNT ONE - Violation of 8 U.S.C. § 1226(a)**

29. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

30. Under § 1226(a) and its associated regulations, the Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)–(f).

31. The Petitioner has been afforded a bond hearing, and notwithstanding an order of bond determination, he will not be released from custody by the Respondents.

32. Upon information and belief, the Respondents will unlawfully assert *Matter of Yajure Hurtado* as a pretense for continuing detention.

33. Respondent DHS moved, on September 9, 2025, the Immigration Judge to reconsider her decision, renewing the DHS's contention made at the bond hearing that the respondent is subjected to mandatory detention under 8 U.S.C. §1225(b)(2)(A) (2018) and therefore that the Petitioner was not eligible for a custody redetermination.

34. The Petitioner is not lawfully detained under 8 U.S.C. §1225(b)(2).

35. DHS also asserted, in its motion to reconsider the Immigration Judge's decision, the recent BIA case *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) to contend that Immigration Judges lack authority to not only hear bond requests but also to grant bond to noncitizens like the Petitioner.

36. The Petitioner's continuing detention is therefore unlawful.

**COUNT TWO - Violation of Fifth Amendment Right to Substantive and Procedural Due Process**

37. Because Petitioner is a person arrested inside the United States and subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that he receives a bond hearing with strong procedural protections.

38. The Petitioner has been afforded a bond hearing, and notwithstanding an order of bond determination, he will not be released from custody by the Respondents.

39. Upon information and belief, DHS filed a Notice of Intent to Appeal with the Immigration Court on September 3, 2025, invoking an automatic stay of the Immigration Judge's bond decision for 10 business days. 8 C.F.R. §1003.19(i).

40. Upon information and belief, DHS filed an appeal of the Immigration Judge's bond decision on September 16, 2025, which effectively serves as an automatic stay of the bond decision. 8 C.F.R. §1003.19(i).

41. The 90-day automatic stay regulation will effectively serve to prevent the Petitioner's release from custody during the pendency of his removal proceedings.[2] 8 C.F.R. §1003.19(i)(2); 8 C.F.R. §1003.6(c)(4) ("If the Board has not acted on the custody appeal, the automatic stay shall lapse 90 days after the filing of the notice of appeal.").

42. In 2024, the average time it took for the BIA to process bond appeals was more than 200 days. *Rodriguez v. Bostock*, 779 F.Supp.3d 1239, 1248 (W.D. Wash. 2025).

43. As applied to the Petitioner, the automatic stay regulation is *ultra vires*, deprives him of procedural and substantive due process rights, and thus violates the Fifth Amendment because the Petitioner is subject to discretionary detention under 8 U.S.C. §1226(a).

44. The Petitioner has a "significant private interest at stake . . . [his] interest in freedom from physical detention. *Sampiao v. Hyde*, 1:25-cv-11981-JEK (D. Mass. Sep 09, 2025), citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty that [the Due Process] Clause protects.").

45. The automatic stay regulation erroneously deprives people like the Petitioner of his liberty "because only those noncitizens who have already demonstrated their entitlement to release from detention in court are subject to the regulation." *Sampiao v. Hyde*, 1:25-cv-11981-JEK (D. Mass. Sep 09, 2025), citing *Garcia Jimenez v. Kramer*, No. 25-cv-3162, 2025 WL 2374223, at *3 (D. Neb. Aug. 14, 2025).

46. The Petitioner's continued detention seeks to deprive him of the opportunity to gather evidence in support of his application for relief from removal.

**COUNT THREE – Violation of Fifth Amendment Right to Substantive Due Process**

47. Because the Petitioner has been ordered released on bond, and the Respondents have asserted an unlawful basis on appeal that the Petitioner is subject to mandatory detention under 8 U.S.C. §1225(b)(2), the government's immigration detention bears no reasonable relation to its purposes and is impermissibly punitive.

---

[2] The Petitioner's Individual Calendar Hearing, i.e., his final hearing at which the merits of his claims for relief will be decided by the Immigration Judge, is scheduled on November 14, 2025, within 90 days of the automatic stay.

48. The remainder of the Petitioner's rights to substantive due process in his removal defense proceedings are violated and subject to continuing injury, where ICE has implemented a regime where their non-compliance with the bond redetermination order ensures that the Petitioner will be detained for the remainder of his removal defense case, causing severe injury to his ability to mount a defense to his removal.[3]

**PRAYER FOR RELIEF**

Wherefore, Petitioners respectfully request this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioners shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4) Declare that Petitioners' detention is unlawful;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release the Petitioner immediately, or, in the alternative, order the Respondents to obey the lawful bond determination order.

(6) Grant any further relief this Court deems just and proper.

Respectfully Submitted,

/s/ Jamie Gorton
Jamie H. Gorton, Esq.
*Counsel for Petitioner*
Gorton Law LLC
214 Commercial Street
PO Box 469
Malden MA 02148
(978) 219-4529
jgorton@gorton.law
MA BBO: 688721

Dated: September 19, 2025

---

[3] The Petitioner contemplates relief from removal in the form of "Cancellation of Removal for Certain Nonpermanent Residents" per 8 U.S.C. §1229(b) where he will need to satisfy a high burden to demonstrate eligibility. A noncitizen's detention may be the difference between his ability to prepare the Cancellation of Removal defense effectively or not.

**CERTIFICATE OF SERVICE**
*Local Rule*

I hereby certify a true copy of the above document was served upon the attorney of record for each party by electronic mail and ECF on September 19, 2025.

/s/ Jamie Gorton
Jamie H. Gorton, Esq.
*Counsel for Petitioner*
Gorton Law LLC
214 Commercial Street
PO Box 469
Malden MA 02148
(978) 219-4529
jgorton@gorton.law
MA BBO: 688721