UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAUDINEI CUSTODIO DE SOUSA,<br><br>    Petitioner,<br><br>    v.<br><br>ANTONE MONIZ, Superintendent of the Plymouth County Correctional Facility, in his official capacity, PATRICIA HYDE, New England Field Office Director, U.S. Immigration and Customs Enforcement, in her official capacity, TODD LYONS, Acting Director of the U.S. Immigration and Customs Enforcement, in his official capacity, KRISTI NOEM, Secretary of the Department of Homeland Security, in her official capacity,<br><br>    Respondents. | Civil Action No. 1:25-cv-12636-AK |

## RESPONSE TO ORDER TO SHOW CAUSE

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this response to the Court's Order to Show Cause. Doc. No. 14. In its Order, the Court explained that the "facts presented in the instant Petition appear materially indistinguishable from *Amaya Sanchez v. Moniz et al*., No. 25-CV-12806-AK (D. Mass. Oct. 10, 2025) [Dkt. 10], in which the Court joined other sessions of this Court, and other courts across the country, in holding that the arrest and detention of noncitizens within the United States is governed by 8 U.S.C. § 1226(a). *Id.* The Court therefore Ordered Respondents to show cause "why the facts of this case differ from those in *Amaya Sanchez*." *Id.* The Court forecast that if the facts did not differ in any material respect, it would allow the Petition and order Petitioner to receive a bond hearing. *Id.*

While Respondents agree that the issue presented in *Amaya Sanchez* – whether 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a) – provided authority for detention exists in this case, the Amended Petition also challenges as a violation of the Fifth Amendment U.S. Immigration and Custom Enforcement's utilization of a regulation that automatically stayed the Immigration Judge's bond order releasing Petitioner from ICE custody. Doc. No. 8, COUNT TWO. As such, Respondents argued that ICE's detention of petitioner pursuant to the automatic stay of the IJ's release order is lawful. Doc. No. 13 at 14-20. For these reasons, the analysis presented in *Amaya Sanchez* does not fully control this case especially because Petitioner has already received a bond hearing and was ordered released by the Immigration Judge. Such release, however, is stayed pursuant to ICE's authority to automatically stay release pursuant to 8 C.F.R. § 1003.19(i)(2).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | LEAH B. FOLEY |
|  | United States Attorney |
|  |  |
|  | By:   */s/ Mark Sauter* |
|  |       Mark Sauter |
|  |       Assistant United States Attorney |
|  |       United States Attorney's Office |
|  |       1 Courthouse Way, Suite 9200 |
|  |       Boston, MA 02210 |
|  |       617-748-3347 |
| Dated: October 22, 2025 | Email: Mark.Sauter@usdoj.gov |

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 22, 2025            By:   */s/ Mark Sauter*
                                         Mark Sauter
                                         Assistant United States Attorney